GLADNEY, Judge.
William F. Schroeter, a plumbing contractor, brings this suit to recover $2,258.06 from Belcher & Son, Inc., a general contractor, on account of certain plumbing, labor and materials furnished in connection with a contract between Belcher & Son, Inc. and the federal government to construct certain patient houses and a staff house at Carville, Louisiana. The defendant admits that plaintiff actually performed the work and furnished the materials for which he seeks recovery, and also that this work was directed by the defendant. The correctness of plaintiff’s charges for labor and material likewise are not at issue. At issue is the question of whether or not certain labor and materials furnished by Schroeter were required under the terms of his original written contract with the defendant. Following a trial on the merits, judgment was rendered in favor of plaintiff and against defendant for the sum of $2,-250.44. Plaintiff’s demand for an item of $7.62 arising from the original contract was rejected. The defendant has appealed.
On April 7, 1959, Belcher & Son, Inc. entered into a contract with the General Service Administration of the federal government to perform certain construction work. Thereafter on the date of April 22, 1959, through a purchase order, Belcher & Son, Inc. sublet to plaintiff the labor and material for plumbing and gas piping as required under the general contract, which contract, inter alia, contained certain provisions and specifications designated as “Alternate F”, reading as follows:
“Eliminate from this contract the furnishing and installation of the follow *292 ing built-in kitchen equipment from all staff houses and all patients houses:
“Garbage disposal
Oven Units
Surface cooking units
Electric dishwashers
“All electrical and plumbing connections required for future installation of this equipment shall be roughcd-m at the immediate locations of the respective units. Cabinets to receive these units shall be furnished as specified.” (Emphasis supplied)
On September 11, 1959, Belcher & Son, Inc. entered into an additional agreement with a division of the federal government designated as the “Department of Health, Education & Welfare”, which agreement provided for the installation and furnishing of certain equipment omitted under “Alternate F” above. Belcher & Son, Inc. verbally requested Schroeter to furnish the necessary labor and materials for installing said equipment. This work was actually performed and Schroeter billed the defendant for the sum of $2,250.44, which the latter declined to pay on the ground that the work so performed was embraced within the original contract.
Two reputable architects of the City of Shreveport, Seymour Van Os and Ralph Kiper, were called as experts to testify as to certain practices in the construction trade. Both testified it was not unusual in the trade to make oral orders; that where the contract provided for roughing-in the plumbing connections, it was understood that this meant to bring these services to such a point that at some future date they could be installed; and that when the equipment is installed there will be what the trade calls “finished connections” necessitating the use of both labor and materials. The testimony so given by these architects appears to be consistent with the very wording of the provisions of “Alternate F” of the original contract. This was the finding of the trial court and we agree that it is correct.
 In advance of trial the defendant filed an exception of no cause of action, asserting plaintiff had been fully paid. Also defendant filed a plea of estoppel contending that the general provisions of the federal contract provide that where changes or changed conditions are made necessary, the subcontractor must give notification in writing within thirty days if there is to be any change or modification in the bid or the contract. Both of these pleas were overruled by tlie court, and correctly so. The exception of no cause of action involves an issue which goes to the merits of the case, and the plea of estoppel relies on a clause in the general contract that plainly has no application as to contractual changes between a subcontractor and a contractor.
The judgment is affirmed, at appellant’s cost.